LOUIS N. LENOIR *v.* PEOPLE'S BANK OF LAUREL.

[40 South. Rep., 5.]

1. EJECTMENT. *Evidence. Maps. Code* 1892, § 1653.

In an ejectment suit, maps of the premises and testimony of surveyors explanatory of them are admissible in evidence unaffected by Code 1892, § 1653, authorizing either party to have a survey made under commission and to recover the cost thereof if he be successful in the suit and it be adjudged that the survey was necessary.

2. APPEAL. *Review of facts. Conclusiveness of findings.*

A finding on the facts of a case, made by the judge, a jury being waived, will be presumed by the supreme court to be proper, unless it clearly appear from the record to be contrary to the weight of the evidence.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

The People's Bank of Laurel, the appellee, was plaintiff in the court below; Lenoir, the appellant, was defendant there. From the judgment of the court below, rendered by the judge (a jury being waived), adjudging the plaintiff to be entitled to the possession of the land sued for, the defendant appealed to the supreme court.

*Scarborough & Eaton,* for appellant.

Appellee bases his contention on the calls of his deed according to the survey of Houston and Speed, which said surveys were made after the institution of suit, and without notice to appellant.

Code 1892, § 1653, provides as follows:

"In case either party shall desire a survey to be made of the premises sued for in ejectment, he may cause the same to be made, after the institution of suit, by applying to the clerk of the court in which suit is brought to issue a commission for that purpose, directed to the county surveyor or other surveyor, authorizing him to make a survey of the premises, and report the same, under oath, to the court at the next term; but such a survey shall not be made without first giving five days' notice to the opposite party at the time of making the same."

If this section has ever been construed by the court, we fail to find it; but if it has any meaning whatever, it should apply to the instant case. The requirement is plain that the survey shall be made pursuant to the authority vested in the surveyor by a commission issued by the clerk, and that the opposite party shall be given five days' notice. It is discretionary whether a survey be made, but being desired and having been determined upon, then a compliance with the statute is mandatory. The object of the statute, evidently, is that a party shall not be surprised, as appellant was in this instance, on the trial of the cause by the introduction of a survey made at the opposite party's instance, with no possible opportunity to overthrow the survey, if it be falsely made, or counteract it by correct surveys, if it be incorrectly made.

*R. E. Halsell,* for appellee.

Code 1892, § 1653, has no application to this case. Appellant raises a great fuss because appellee had the property surveyed, and introduced the surveyors in evidence. Appellant certainly had the same right to have the property surveyed

as many times as he chose to do so, and could have introduced his surveyors in evidence. Section 1653 is not mandatory, does not compel either side to have the property surveyed before going into court; and the survey, if made under sec. 1653, is not conclusive of anything.

Truly, J., delivered the opinion of the court.

The assignment of error based upon the action of the court in permitting the introduction of the map, because it embodied a survey made after the institution of the suit without notice to opposing parties, arises from an entire misconception of the true meaning and intent of Code 1892, § 1653. That section simply gives to either party to a suit in ejectment the right to have a survey made of the premises in controversy under a commission, with certain attendant formalities, and gives him the right to recover the entire cost of the survey in the event he succeeds in the action and "the judgment be that the survey was necessary in deciding the issue." But that section is not intended to abridge or in any wise modify the generally accepted rules of evidence under which any party litigant may introduce maps of the premises and the testimony of the surveyors, by whom the survey was made, explanatory thereof. This assignment of error is without merit.

The only other ground assigned in the motion for a new trial is alleged error in the finding of the trial judge who presided, a jury having been waived, upon the evidence. Accepting as true the map which was introduced in evidence upon the trial, we are unable to decide with certainty that the decision of the court is contrary to the weight of testimony. In this state of case, under well-established principles, the finding of the trial court is protected by the general presumption of correctness.

*The judgment is affirmed.*