CANNON *v.* YARBROUGH ET AL.

, [89 South. 911. No. 22104.]

EJECTMENT. *Surveys and surveyors' testimony held admissible under statute.*

In an ejectment suit, surveys made after the institution of the suit, and the testimony of surveyors in reference thereto are admissible in evidence, unaffected by Code 1906, section 1828 (Hemingway's Code, section 1461), authorizing either party to have a survey made under commission and to recover the cost thereof if he be successful in the suit, and it be adjudged that the survey was necessary.

APPEAL from circuit court of Winston county.

HON. T. L. LAMB, Judge.

Ejectment by Wesley Yarbrough and others against Albert Cannon. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

*Jones & Bodystun,* for appellant.

Appellees assert no title to land in section 27, neither does appellant assert any paper title to land in section 28. Appellant assigns as error the exclusion of the evidence of J. E. Suttles, county surveyor of Winston county, Mississippi, who made a careful and accurate survey of the land of appellees and appellant, and located the section line between the parties, which determined the location of the land in question, and the true ownership thereof.

The evidence was excluded on the ground that this survey was made after suit brought and no commission was issued by the circuit clerk for making such survey under Code 1906, par. 1828 (Hem. Code, par. 1461). On this point we think it sufficient to cite the case of *Lenoir* v. *People's Bank,* 87 Miss. 559, 40 So. 5.

*H. J. Rodgers,* for appellee.

Now the first objection and assigned error of the appellees is condemned by their own authority submitted. In *Lenoir* v. *People's Bank of Laure,* 40 So. 5, Judge TRULY says, in the first paragraph of his opinion, that section 1828 does not abridge the rule that either the party litigant may introduce maps of the premises and the testimony of the surveyors by whom the survey was made explanatory thereof. There was no objection made to the introduction of any maps of the premises or the explanation thereof. In fact, there is a map in this evidence that was agreed to or at least was offered by the appellees and was not objected to by these defendants. And further than that the strict rule is in the application for a commission from the clerk to

authorize a surveyor to make a survey by either of the parties; that the survey will be necessary in deciding the issue, after giving the five days notice and conforming to the other pre-requisites then upon the trial of the cause. If the judgment is in favor of either one of the parties and must state that the survey was necessary in deciding the issue, now in this case it is immaterial what view we may take of the evidence of J. E. Suttle, surveyor, it could not affect this case from the strong and overwhelming evidence given by the appellee's witness in the least.

COOK, J., delivered the opinion of the court.

Plaintiffs instituted an action of ejectment in the circuit court of Winston county, and from a judgment in their favor, defendant prosecuted this appeal.

This controversy grows out of the disputed location of a section line between the lands of the parties, and the first assignment of error is based upon the action of the court in excluding the testimony of the county surveyor who made a survey and location of the disputed section line after the institution of the suit. This testimony was excluded on the ground that the survey was made after the suit was brought and that no commission for that purpose was issued by the clerk of the court, and no notice served on plaintiffs, as provided by section 1828, Code of 1906 (Hemingway's Code, section 1461). The exclusion of this testimony was erroneous, and must result in a reversal of this case.

It is not the purpose of section 1828, Code of 1906, to render inadmissible the testimony of surveyors in reference to surveys made after the institution of a suit, and which were not made in conformity with the provisions of this section. The true meaning and intent of this section is very clearly stated in *Lenoir* v. *Bank,* 87 Miss. 559, 40 So. 5, where Justice TRULY, speaking for the court, said:

"That section simply gives to either party to a suit in ejectment the right to have a survey made of the premises

in controversy under a commission, with certain attendant formalities, and gives him the right to recover the entire cost of the survey in the event he succeeds in the action and 'the judgment be that the survey was necessary in deciding the issue.' But that section is not intended to abridge or in any wise modify the generally accepted rules of evidence under which any party litigant may introduce maps of the premises and the testimony of the surveyors, by whom the survey was made, explanatory thereof."

There are numerous other assignments of error based upon the exclusion of testimony for the reason that defendant had not complied with a notice requiring him to file a bill of particulars of his claim or title to the premises. It appears from the record that this notice was in the form of a motion addressed to the court and filed among the papers in the cause, and that this notice or motion was not served on the defendant or his attorneys, and was in no way called to their attention, and that they had no knowledge of the existence of the motion until an objection was interposed at the trial. The defendant's request for a delay of one hour to enable him to comply with the motion was denied. Without expressly deciding the question of the sufficiency of this motion, and the service thereof, we think, under the facts in evidence here, appellant should be allowed to file this bill of particulars upon the remand of this cause.

*Reversed and remanded.*